IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RODERICK WASHINGTON,** | ) | 1:05-cv-01612-LJO WMW HC |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER RE MOTION TO** |
| vs. | ) | **DISMISS PETITION FOR** |
| | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| **A. K. SCRIBNER, Warden,** | ) | **[Doc. 15]** |
| | ) | |
| Respondent. | ) | **ORDER DENYING** |
| | ) | **CERTIFICATE OF** |
| _____ | ) | **APPEALABILITY** |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On March 18, 2004, Petitioner filed this petition for writ of habeas corpus in the United States District Court, Central District of California. In addition to other claims, Petitioner challenges the December 18, 2002, and December 30, 2002, disciplinary reports that he claims resulted in a thirty day and ninety day credit loss, respectively. After further briefing, Petitioner filed an amended petition on February 22, 2005. The district court then

transferred this matter to the Eastern District.

In his amended petition, Petitioner makes the following claims: 1) Respondent placed false information in his central file; 2) he was retaliated against for complaining about mail serves; 3) he was improperly transferred from North Kern State Prison; 4) he was improperly assessed at a higher custody level; 5) he was improperly housed in a security housing unit; 6) he was denied the right to appeal the disciplinary reports that caused an alleged credit loss; and 7) Respondent violated his due process rights when finding him guilty and subsequently assessing credit losses for the two disciplinary reports issued in December 2002.

In addition to filing an amended petition, Petitioner also filed a declaration stating that on December 30, 2003, he began the state court review process to exhaust his federal claims by simultaneously filing petitions in the California Supreme Court, the California Court of Appeal, Fifth Appellate District, and the Kern County Superior Court.   In his declaration, Petitioner also refers to letters referencing five California Supreme Court cases as further evidence that he has exhausted his state court remedies.

In the first letter from the California Supreme Court, dated May 15, 2003, the clerk informed Petitioner that he currently had three petitions pending before the court.  In the second letter, dated December 15, 2003, the clerk informed Petitioner that he is returning copies of the two petitions that are pending before the court.  The clerk also notes that Petitioner had sent exhibits to the court without a petition.  In the third letter, dated December 29, 2003, the clerk informed Petitioner that the exhibits she received would be considered with his two pending habeas actions.  In the last letter, dated February 27, 2004, the clerk informed Petitioner that his unsigned petition would be returned unfiled.

On March 2, 2004, the Kern County Superior Court denied Petitioner's petition, which he signed on December 30, 2003, for procedural reasons.  The court found that Petitioner had failed to attach available documentary evidence to support his claims, that he failed to allege sufficient facts to support any claims, and that those facts he did allege did not

1  support his request for relief.

2  On March 1, 2005, Petitioner filed a petition in the California Supreme Court, also challenging the allegedly improper December 18, 2002, and December 30, 2002 disciplinary reports. The California Supreme Court summarily denied the petition with a citation to In re Clark, 5 Cal.4th 750 (1993), and In re Swain, 34 Cal.2d 300, 304 (1949).

On February 7, 2007, this court entered an order requiring Respondent to file a response to the petition. On April 9, 2007, Respondent filed a motion to dismiss. Petitioner did not file an opposition to the motion. On November 7, 2007, Petitioner filed a notice of appeal, although no decision had yet been rendered on the motion to dismiss. On January 14, 2008, the appeal was processed to the Ninth Circuit. On February 19, 2008, the Court of Appeal entered an order, stating in part that "because the appeals are so insubstantial as to not warrant further review, they shall not be permitted to proceed."

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of California State Prison - Corcoran, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

3

(quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that Petitioner failed to exhaust all of his federal claims in state court.  He also moves to dismiss the petition on the ground that the claims are untimely.  Finally, Respondent moves to dismiss several of Petitioner's claims on the ground that they are outside the scope of federal habeas corpus relief.  Petitioner has not opposed or otherwise responded to the motion to dismiss.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

EXHAUSTION

Respondent moves to dismiss this petition on the ground that Petitioner failed to

exhaust his claims in state court. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, Respondent correctly states that Petitioner's petition in the California Supreme Court was denied on March 15, 2005, with citations to In re Clark, 5 Cal.4th 750 (1993) and In re Swain, 34 Cal.2d 300, 304 (1949). Respondent argues that the exhaustion requirement is not satisfied by a petition that is denied because it is procedurally defective, such as is the case with a denial pursuant to Swain.

In re Swain is cited by the Supreme Court of California to indicate that claims were not alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed state petition and state judicial remedies therefore are not considered exhausted. See, Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986); see also McQuown v. McCartney,

6

795 F.2d 807, 808 n 1, 809 (9th Cir1986); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974). The court must therefore agree with Respondent that Petitioner's claims regarding his 2002 disciplinary reports are unexhausted.

Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. § 2254(b)(C). The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims. For example, these claims may be presented in a petition for writ of habeas corpus. See Cal. Penal Code §§ 1473 - 14758.

Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

Accordingly, the court finds that this petition must be dismissed for failure to exhaust state judicial remedies.

STATUTE OF LIMITATIONS

Respondent also moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

7

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005.

In this case, Respondent argues that Petitioner claims that his due process rights were violated on December 18, 2002, and December 30, 2002, but Petitioner did not begin the

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

state court review process until December 30, 2003.  Respondent argues that a delay of 365 days before filing his state court petitions was unreasonable.  He further argues that Petitioner is therefore not entitled to AEDPA statutory gap tolling for the seventy nine days from when he began the state court review process and when he filed his first federal petition

In so arguing, Respondent confuses the application of gap tolling and the related reasonableness analysis.  "Gap tolling" refers to the tolling of the statute of limitations between the <u>resolution</u> of a state court petition and the <u>filing</u> of the petition in a higher state courts.  See <u>Nino v. Galaza</u>.  This concept does not apply to the time period between a state court petition and a federal court petition, and most particularly does not apply to the time period between the <u>filing</u> of a state court petition and the filing of a subsequent federal petition.  The court notes that in making this argument, Respondent does not address the relevant time period between the resolution of Petitioner's state court proceedings and the filing of his federal petition.

Accordingly, this court finds this contention lacks merit and provides no basis for the dismissal of this petition.

<u>FAILURE TO STATE A CLAIM</u>

Respondent moves to dismiss Petitioner's retaliation, improper transfer, improper classification, housing and improper denial of inmate appeals services claims as outside the scope of federal habeas corpus relief.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973).  In contrast, a civil rights action pursuant to 42 U.S.C.

§ 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

In the claims at issue here, Petitioner is not challenging his conviction, but rather is challenging civil rights prison conditions. Accordingly, the proper vehicle for Petitioner to pursue these claims is through a civil rights action pursuant to 42 U.S.C. § 1983. Therefore, the court will also grant Respondent's motion to dismiss as to these claims on the ground that they cannot be addressed on federal habeas corpus.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;
2) A certificate of appealability is DENIED;
3) This petition for writ of habeas corpus is DISMISSED for failure to exhaust state judicial remedies and for failure to state a claim for federal habeas corpus relief as to specific claims set forth above; and
4) The Clerk of the Court is directed to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

Dated:   **March 4, 2008**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

11